**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DANIEL TOLAND<br>4575 Bimini Dr.<br>Columbus, OH 43230<br><br>        Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, National Association<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>        Defendant. | CASE NUMBER: 2:17-CV-440<br><br>JUDGE:<br><br><br><br>**JURY DEMAND ENDORSED HEREIN** |

**COMPLAINT FOR MONEY DAMAGES**

The following allegations are based upon Plaintiff Daniel Toland's, ("Mr. Toland")'s personal knowledge, the investigation of counsel, and information and belief.  Mr. Toland, through counsel, alleges as follows:

**I. INTRODUCTION**

1.  Mr. Toland suffered a recent hardship that lead to a foreclosure action against his primary residence.

2.  In 2014, Mr. Toland experienced a family tragedy in which his 16 year old son passed away, and it was during this time that Mr. Toland began to experience a financial hardship related to paying his mortgage.

3.  As a result, Mr. Toland applied for loss mitigation with Defendant JP Morgan Chase Bank, NA ("Chase"), to which Chase failed to exercise reasonable diligence in obtaining a facially complete loss mitigation application, and to which Chase failed to properly evaluate his loss

mitigation application for all available options. Accordingly, Chase is liable to Mr. Toland for damages, costs, and attorneys' fees under federal law.

4. Mr. Toland institutes this action for actual damages, statutory damages, attorneys' fees, and the costs of this action against Chase for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* and Regulation X, 12 C.F.R. § 1024.1, *et seq.*

## II. JURISDICTION

5. This Court has jurisdiction for the First Count pursuant to RESPA, 12 U.S.C. § 2614, Regulation X, 12 C.F.R. 1024, *et. seq.*, and 28 U.S.C. §§ 1331 and 1337.

## III. PARTIES

6. Mr. Toland is a natural person currently residing within this Court's jurisdiction at 4575 Bimini Dr. Columbus, OH 43230.

7. Mr. Toland was and is a **person** within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to this transaction.

8. Chase is a national bank organized under the National Bank Act and has its home office and principal place of business in Ohio.

9. Chase was and is a **person** within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to this transaction.

10. Chase was and is a loan **servicer** of Mr. Toland's **federally related mortgage loan** within the meaning of those terms in RESPA at 12 U.S.C. §§ 2605(i)(2) and 2602(1), respectfully, at all times relevant to this litigation.

## IV. FACTUAL ALLEGATIONS

11. Mr. Toland incorporates all other paragraphs in this Complaint by reference as though fully written here.

12. In 2009, Mr. Toland purchased residential real property located at 4575 Bimini Dr. Columbus, OH 43230 ("the Property") with a note secured by a mortgage ("Note") ("Mortgage") (collectively, "the Mortgage Loan"). A copy of the Note and Mortgage are attached as Exhibits A and B.

13. Further, the mortgage loan was and is a **federally related mortgage loan** within the meaning of RESPA at 12 U.S.C. §§ 2605(i)(2) and 2602(1).

14. Chase is the servicer of the Mortgage Loan.

15. The Mortgage Loan has an interest rate of 6.00%.

16. On or about April 15, 2016, Chase filed a foreclosure action against Mr. Toland and the Property in Franklin County, Ohio Court of Common Pleas.

17. Since receiving notice of the foreclosure action, Mr. Toland has been actively working with Chase to obtain a loan modification to save his home.

18. On or about March 8, 2017, Mr. Toland sent in a loss mitigation application to Chase ("the Loss Mitigation Application") via FedEx and also sent a copy of the application to Chase's foreclosure counsel on the same day.

19. A copy of the Loss Mitigation Application is attached as Exhibit C.

20. Chase received the Loss Mitigation Application on March 8, 2017.

21. The Loss Mitigation Application was complete when sent.

22. Chase did not indicate that any additional information was needed from Mr. Toland, but did indicate it was awaiting receipt of his IRS transcript by letter dated March 13, 2017.

23. A copy of the March 13, 2017 letter is attached as Exhibit D.

24. Mr. Toland received the March 13, 2017 letter on March 20, 2017.

25. On or about March 28, 2017, Chase indicated that it now had a question about Mr. Toland's Loss Mitigation Application that it wanted answered over the phone.

26. Chase did not indicate what additional information or documentation was needed from Mr. Toland to make the application complete.

27. On or about April 13, 2017, without receiving additional documentation from Mr. Toland, Chase sent a letter indicating that his application was purportedly evaluated for loss mitigation options.

28. A copy of the April 13, 2017 letter is attached as Exhibit E.

29. Chase indicated that Mr. Toland's income for the Loss Mitigation Application was $1 and as a result found that he was ineligible for any home retention loss mitigation options.

30. Mr. Toland's documented income submitted as a part of the application was in excess of $1.

31. Chase failed to properly consider Mr. Toland's application complete and did not properly evaluate him for the available loss mitigation options.

32. On or about April 21, 2017, Mr. Toland appealed Chase's loss mitigation decision, pointing out that Chase had miscalculated his income.

33. Mr. Toland submitted everything requested within his control, but Chase inquired into items and information it did not need to evaluate him for loss mitigation.

34. Chase stated that $1 was Mr. Toland's income knowing that Mr. Toland had presented bank statements and a Profit-Loss statement showing that he made more than $1.

35. Despite Mr. Toland's repeated attempts to get Chase to evaluate him for loss mitigation, Chase repeatedly ignored his disputes and disregarded federal law.

36. Despite Mr. Toland's diligence and repeated attempts to save his home from foreclosure, Chase sent the April 13, 2017 letter informing Mr. Toland that his loss mitigation application

was denied and that Chase would not evaluate him for loss mitigation options that included home retention options due to his income of $1.

37. Chase failed to send Mr. Toland timely notices required by federal law, failed to properly evaluate Mr. Toland for loss mitigation options, and denied Mr. Toland an opportunity to appeal loss mitigation denials as required by federal law.

38. Mr. Toland institutes this action against Chase for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 1601, *et seq.*, and Regulation X, 12 C.F.R. 1024.

39. As a result of Chase's actions, Mr. Toland suffers severe emotional distress, including anxiety, stress, and sleepless nights.

## V. COUNT ONE – RESPA – LOSS MITIGATION

40. Mr. Toland incorporates all paragraphs by reference as though fully written here.

41. SLS's actions described herein constitute violations of RESPA, 12 U.S.C. 1601, *et seq.*, and Regulation X, 12 C.F.R. 1024.40 and 12 C.F.R. 1024.41.

42. By failing to provide Mr. Toland with the correct notices regarding his Loss Mitigation Application, Chase violated Regulation X, 12 C.F.R. 1024.41(b)(2)(i)(B).

43. By failing to exercise reasonable diligence in obtaining documents and information to allegedly complete Mr. Toland's Loss Mitigation Application, Chase violated Regulation X, 12 C.F.R. 1024.41(b).

44. By failing to timely evaluate Mr. Toland for all loss mitigation options available to Mr. Toland in response to his Loss Mitigation Application, Chase violated Regulation X, 12 C.F.R. 1024.41(c)(1)(i).

45. By failing to send Mr. Toland a notice within thirty days after Chase received Mr. Toland's Loss Mitigation Application to inform him of his loss mitigation options, Chase violated Regulation X, 12 C.F.R. 1024.41(c)(1).

46. By sending Mr. Toland a notice that Chase denied him for Loss Mitigation Options, Chase violated Regulation X, 12 C.F.R. 1024.41(c)(1)(i).

47. Chase's actions described herein constitute violations of RESPA, 12 U.S.C. 1601, *et seq.*, and Regulation X, 12 C.F.R. 12 C.F.R. 1024.41.

48. Chase did not have different personnel review Mr. Toland's complete loss mitigation application when the loss mitigation decision was appealed in violation of 12 C.F.R. 1024.41(h)(3).

49. Chase did not timely send Mr. Toland a proper notice after its decision on the appeal in violation of 12 C.F.R. 1024.41(h)(4).

50. Chase regularly fails to evaluate and process loss mitigation applications of its borrowers in compliance with RESPA and Regulation X.

51. Chase engaged in a pattern or practice of noncompliance with the requirements of RESPA.

52. As a result of Chase's actions, Mr. Toland suffers severe emotional distress, including anxiety, stress, and sleepless nights.

53. As a result of Chase's actions, Mr. Toland was prevented from obtaining a loan modification and saving his home.

54. Chase is liable to Mr. Toland under this Count for its RESPA violations in an amount equal to or greater than: statutory damages in excess of $2,000.00, actual damages for each of Chase's violations of RESPA in excess of $25,000, and the costs of this action and attorney's fees, 12 U.S.C. 2605(f).

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court:

55. Assume jurisdiction of this case;

56. Award Mr. Toland maximum actual, economic, non-economic, statutory, punitive, and other damages allowable under the law;

57. Award Mr. Toland actual damages to be established at trial pursuant to 12 U.S.C. § 2605(f);

58. Award Mr. Toland statutory damages in the amount of at least $2,000, plus attorneys' fees, and costs of the action, including pursuant to 12 U.S.C. § 2605(f);

59. Award Mr. Toland additional damages and costs;

60. Declare that Chase's acts and practices violate RESPA.

61. Award such other relief as the Court deems appropriate.

Dated: May 22, 2017                    Respectfully Submitted,
                                       DOUCET & ASSOCIATES CO., LPA


                                       /s/ Timothy J. Cook
                                       Timothy J. Cook (0093538)
                                       *Attorney for Plaintiff Daniel Toland*
                                       700 Stonehenge Parkway, Suite 2B
                                       Dublin, OH  43017
                                       (614) 944-5219 PH
                                       (818) 638-5548 FAX
                                       Timothy@doucet.law


## **JURY TRIAL DEMANDED**

Plaintiff respectfully requests a jury trial on all triable issues.


                                       /s/ Timothy J. Cook
                                       Timothy J. Cook (0093538)